FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 21 2012

JAMES W. McCORMACK, CLERK
By:_____
                            DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ROBERT LEE HENSON**                                    **PLAINTIFF**

**VS.**                         NO. 4:12 cv 303 Jmm

**TONYA PARKER, individually, and in her
official capacity as a Jailer in and for the
Saline County Sheriff's Department;
AMANDA DAVIS, individually, and in
her Official capacity as a Jailer in and for
the Saline County Sheriff's Department;
JACLYN LOBBS, individually, and in her
official capacity as a Jailer in and for the
Saline County Sheriff's Department;
BRUCE PENNINGTON, individually,
and in his official capacity as Sheriff of
Saline County, Arkansas; and, SALINE
COUNTY, ARKANSAS**

This case assigned to District Judge _Moody_
and to Magistrate Judge_____Volpe_____

**DEFENDANTS**

## COMPLAINT

**COMES THE PLAINTIFF, Robert Lee Henson,** by and through his attorneys,

Edward G. Adcock, Arkansas Bar No. 83001, and C. Daniel Hancock, Arkansas Bar No.

2001-022 and for his Complaint, states and alleges as follows, *to wit*:

### I.

### Introduction

This is an action for declaratory, injunctive and monetary relief brought by

Plaintiff, **Robert Lee Henson** (hereafter "Henson" or "Plaintiff"), against Defendants

**Tonya Parker** (hereafter "Parker" or "Defendant Parker"), a jailer in the Saline County

Detention Center, **Amanda Davis** (hereafter "Davis" or "Defendant Davis"), a jailer in

the Saline County Detention Center, **Jaclyn Lobbs** (hereafter "Lobbs" or "Defendant

Lobbs"), a Sergeant with and for Saline County Sheriff's Department acting as a shift

supervisor in the Saline County Detention Center, **Bruce Pennington,** Saline County Sheriff, and **Saline County, Arkansas,** alleging as more specifically set forth below: **[a]** that the individual Defendants Parker, Davis and Lobbs, individually and in their official capacity as a jailers in and for Saline County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the Saline County Detention Center in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, in violation of the laws of the State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*; **b]** that the acts of Defendants Parker, Davis and Lobbs complained of herein were a part of and consistent with a policy, pattern and practice of behavior toward inmates sanctioned and authorized by the Defendant, Bruce Pennington, and, through Pennington, by the Defendant, Saline County, Arkansas, again in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, Arkansas law and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*; and, **[c]** that the acts and conduct of the Defendants Parker, Davis and Lobbs complained of herein were willful, purposeful and malicious.

## II.

### Jurisdiction and Venue

1.      Jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sec.'s 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the United States Constitution, specifically rights guaranteed Plaintiff by the Fifth, Eighth and the Fourteenth Amendments to the Constitution of the United States.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367.

2.      Venue of this Court is proper pursuant to 28 U.S.C. 1391(b) in that all of the conduct complained of herein occurred and all claims raised herein arose within the boundaries of the City of Benton, Saline County, Arkansas within the Western Division of the Eastern District of Arkansas.

### III.

### Parties

3.      Plaintiff, Robert Lee Henson, is now a resident of Colorado but at all times pertinent hereto was a resident of Benton, Saline County, Arkansas.

4.      Defendant Parker is a resident of Benton, Saline County, Arkansas. At all times pertinent hereto she was a jailer in and for the Saline County Detention Center. As such, she was responsible for implementing and following policies, procedures and guidelines for the care and safekeeping of detainees in the Saline County Detention Center. She was also responsible for and under a duty not to harm detainees in the Saline County Detention Center, which duty she violated in this case by brutalizing Plaintiff. All of the acts and conduct of Defendant Parker complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

5.      Defendant Davis is a resident of Benton, Saline County, Arkansas. At all times pertinent hereto she was a jailer in and for the Saline County Detention Center. As such, she was responsible for implementing and following policies, procedures and guidelines for the care and safekeeping of detainees in the Saline County Detention Center. She was also responsible for and under a duty not to harm detainees in the Saline County Detention Center, which duty she violated in this case by brutalizing Plaintiff. All of the acts and conduct of Defendant Davis complained of herein constitute state

action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

6.       Defendant Lobbs is a resident of Benton, Saline County, Arkansas.  At all times pertinent hereto she was a Sergeant for the Saline County Sheriff's Department acting as shift supervisor in the Saline County Detention Center.  As such, she was responsible for implementing and following policies, procedures and guidelines for the care and safekeeping of detainees in the Saline County Detention Center.  She was also responsible for and under a duty not to harm detainees in the Saline County Detention Center, which duty she violated in this case by brutalizing Plaintiff.  All of the acts and conduct of Defendant Lobbs complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

7.       Defendant Bruce Pennington is a resident of Saline County, Arkansas.  At all times pertinent hereto he was the Saline County Sheriff.  In that capacity, and pursuant to Ark. Code Ann. Sections 12-41-502, 12-41-503, 12-41-507 and 12-26-101 *et.seq.,* he was responsible **a)** for the operation of the Saline County Detention Center, including, specifically, the establishment and enforcement of policies, practices, procedures and regulations for the conduct of the Independence County Detention Center and its officials/employees, **b)** for the hiring, training, supervision and control of all members of the Saline County Sheriff's Department, specifically, the administrators and jailers in the Saline County Sheriff's Department, and, **c)** for the general operation, practices and totality of conditions in the Saline County Detention Center, including but not limited to maintaining the Saline County Detention Center in conformity with State of Arkansas jail

4

standards and Constitutional requirements.  As such, he is also responsible for those institutional patterns of action, or lack of action, by any and all employees of the Saline County Detention Center, which result in the creation of, or tacit approval of, "ad hoc" policies that violate the constitutional rights of pretrial detainees or convicted inmates housed in the Saline County Detention Center.  All of the acts and conduct of Defendant Pennington complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

8.     Defendant, Saline County, Arkansas is a governmental entity authorized and acting pursuant to the laws of the State of Arkansas.  All of the acts and conduct of its agents and employees complained of herein were under color of state law and all of the acts and conduct of its agents/employees complained of herein were pursuant to policies and procedures and consistent with practices sanctioned by management officials of Saline County.

### IV.

### Facts

9.     On June 25, 2010, Plaintiff Henson was a pre-trial detainee in the Saline County Detention Center.  He was originally booked into the Detention Center on a misdemeanor charge of driving without a driver's license.

10.     On that date, Plaintiff Henson was brutally assaulted in the Saline County Detention Center by Defendants Parker, Davis and Lobbs.  In their official reports, these Defendants allege that Plaintiff Henson physically resisted their efforts to restrain him and elbowed Defendant Parker.  However, the video tape recording of the incident shows

that, while Plaintiff Henson may have verbally resisted the officers, at no time did he actually physically resist their efforts. Nevertheless, despite the fact that Henson was not physically resisting them, these officers "took him down," or "took him to the floor," terms of art in the Saline County Detention Center meaning that the officers all jumped on Henson and threw him to the ground. Then, while Henson was lying face down on the bottom of a pile of officers, essentially helpless and defenseless, Defendant Lobbs administered an electric shock to Henson's body through the use of a taser.

11.    Subsequently, these officers kicked and punched Henson. However, the portion of the video recording after the "take down" was not retained by the Saline County Sheriff's Department, this despite the fact that it was obviously relevant to the reported uses of force by these named Defendants. The limited portion of the video recording showing only the "take down" was the only portion retained and it was used by the officers to attempt to substantiate their cover charges against Henson in an effort to justify their brutality.

12.    All of the force used by Defendants Parker, Davis and Lobbs, *see* Paragraph Nos 10 & 11, above, was unnecessary and well in excess of that necessary to control Plaintiff and well in excess of that necessary to effectuate the County's interest in maintaining order and discipline in the detention center. At no point in the entire incident did Plaintiff Henson physically resist Defendants Parker, Davis and Lobbs.

13.    At the time of the incident complained of herein, *see* Paragraph Nos. 9 through 12, above, Plaintiff Henson was in poor health and was obviously physically impaired, infirmed and elderly, plainly physically unable to successfully resist and certainly physically unable to harm these young, healthy, trained officers. Nevertheless,

6

Parker, Davis and Lobbs brutalized this old man, throwing him to the floor, tasing him while he was prostrate at the bottom of a pile of officers and subsequently punched and kicked him, none of which was necessary to effectuate the control necessary to serve the department's interest in maintaining order in the jail.

14.     The acts of Defendants Parker, Davis and Lobbs complained of above were part of a pattern of conduct and a generalized practice of jailers in the Saline County Detention Center authorized and sanctioned and approved by officials/administrators of the Saline County Sheriff's Department, specifically by Sheriff Bruce Pennington. This pattern, practice and/ or policy is evidenced by:

  **a)**  the fact that a Sergeant in the Saline County Detention Center recently brutalized two other helpless prisoners;

  **b)**  the fact that other acts of brutality have occurred in the Saline County Detention Center without consequence or discipline, this despite management's knowledge of the incidents;

  **c)**  the fact that the Sheriff, Defendant Pennington, has previously specifically sanctioned the use of force by jailers, saying that he knew what it took to "whip some ass" and telling a staff meeting of jailers he knew how much that was a part of the job and telling those present not to worry about lawsuits, in essence, giving them an enthusiastic endorsement of the use of force in the jail, with no mention of Constitutional parameters for their use of force.

15.     The acts and conduct of Defendants Parker, Davis, Lobbs and Pennington complained of herein were knowing, purposeful, willful and malicious and purposefully calculated to cause Henson physical pain.

16.    The acts and conduct of the Defendants Parker, Davis and Lobbs complained of herein constituted an unreasonable seizure and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States as well as an unreasonable seizure in violation of Article II, Section 15 of the Arkansas Constitution and, hence, in violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*.

17.    As a direct and proximate result of the acts and conduct of all Defendants complained of above, *see* Paragraph Nos. 1 through 16, above, Plaintiff suffered extreme physical pain, permanent injury and emotional pain and suffering.

18.    The acts and conduct of all individual Defendants complaint of above were willful and malicious and purposefully calculated to cause Plaintiff extreme harm, pain, personal anguish, embarrassment and humiliation.

19.    As a result of the actions and conduct of Defendants complained of above Plaintiff has suffered actual damages, including but not limited to permanent physical injury, severe physical pain, extreme humiliation and emotional distress and pecuniary damages.

## V.

### Causes of Action

20.    Plaintiff incorporates Paragraph Nos. 1 through 19, above, as though specifically set forth word-for-word, and sets forth the following causes of action:

(a)    The acts and conduct of all Defendants complained of herein constitute an unreasonable seizure and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

(b)     The acts and conduct of all defendants complained of herein were knowing, purposeful, willful and malicious;

(c)     The acts and conduct of all Defendants complained of herein constitute a violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.* because they constitute an unreasonable seizure in violation of Article 2, Section 15 of the Arkansas Constitution.

**VI.**

**Demand for Jury Trial**

21.     Plaintiff demands a trial by jury.

**VII.**

**Prayer for Relief**

22.     In consideration of the foregoing, Plaintiff, Robert Lee Henson, after service of this Complaint upon the Defendants herein, prays the Clerk set this matter for trial by jury and, upon a hearing and verdict thereon, Prays for this Court to issue a Judgment:

a)     Declaring the acts and conduct of all defendants complained of herein to constitute an unreasonable seizure and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

b)     Declaring the acts and conduct of all defendants complained of herein to deprive Plaintiff of her right to be free from the unreasonable seizures and cruel and unusual punishment in violation of the Article II, Section 15 of the Arkansas Constitution and, therefore, actionable pursuant to the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*;

**c)**   Awarding Plaintiff actual monetary and compensatory damages and in an amount to be proved at trial but, in any event, greater than that amount necessary to establish diversity jurisdiction;

**d)**   Awarding Plaintiff punitive damages against all named Defendants herein;

**e)**   Awarding Plaintiff his costs incurred in bringing this action, including reasonable attorney's fee, pursuant to 42 U.S.C. Section 1988;

**f)**   Specifically enjoining Defendants from any further acts or conduct in derogation of their duty to safeguard inmates in the detention center and monitoring Defendants' progress in achieving specific goals and timetables for the provision of adequate care and supervision;

**g)**   Awarding Plaintiff all other just and equitable relief to which he may be entitled.

**DATED** this 18th day of _____ May _____, 2012

Respectfully submitted,

**ROBERT LEE HENSON**

By: _____
**Edward G. Adcock**
Arkansas Bar No. 83001
1018 Cumberland # 11
Little Rock, AR 72202
Office Telephone:  501.690.6104
Facsimile: 501.374.5198
Email: egalaw@aol.com

&

By: _____

**C. Daniel Hancock**
Arkansas Bar No. 2001-022
610 East Sixth Street
Little Rock, AR 72202
Phone: 501.372.6400
Email: hancock@hancocklawfirm.com