IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT LEE HENSON                                                               PLAINTIFF

VS.                                   NO. 4:12-CV-303JMM

TONYA PARKER, ET AL                                                          DEFENDANTS

### ANSWER OF SALINE COUNTY, ARKANSAS, BRUCE PENNINGTON, AND OTHER DEFENDANTS IN THEIR OFFICIAL CAPACITIES

COME the separate Defendants, Saline County, Arkansas, Bruce Pennington, individually and in his official capacity, and Tonya Parker, Amanda Davis, and Jaclyn Lobbs, in their official capacities, by their attorneys, Fuqua Campbell, P.A., and for their Answer to the Complaint of the Plaintiff, Robert Lee Henson, state:

I. <u>Introduction</u>. The separate Defendants deny the contentions of the Plaintiff's introductory statement to the extent that they are factual and require admission or denial.

1.    The separate Defendants admit that this Court has jurisdiction of the parties and of the subject matter of this case and of the parties.

2.    The separate Defendants admit that venue is proper.

3.    The separate Defendants admit that the Plaintiff was a resident of Saline County, Arkansas at the time of his arrest in 2010 but lack knowledge of his current residence and therefore deny the remaining allegations of paragraph 3 of the Complaint.

4.    The separate Defendants admit that Defendant Parker is a resident of Saline County, Arkansas and was a detention officer at the Saline County Detention Center at all times pertinent to this action. The separate Defendants admit that Defendant Parker was obligated to follow the policies of the Saline County Detention Center and not to use

1

unlawful force. The separate Defendants deny that Defendant Parker brutalized the Plaintiff. The separate Defendants admit that Defendant Parker acted under color of law.

5. The separate Defendants admit that Defendant Davis is a resident of Saline County, Arkansas and was a detention officer at the Saline County Detention Center at all times pertinent to this action. The separate Defendants admit that Defendant Davis was obligated to follow the policies of the Saline County Detention Center and not to use unlawful force. The separate Defendants deny that Defendant Davis brutalized the Plaintiff. The separate Defendants admit that Defendant Davis acted under color of law.

6. The separate Defendants admit that Defendant Lobbs is a resident of Saline County, Arkansas and was a detention officer at the Saline County Detention Center at all times pertinent to this action. The separate Defendants admit that Defendant Lobbs was obligated to follow the policies of the Saline County Detention Center and not to use unlawful force. The separate Defendants deny that Defendant Lobbs brutalized the Plaintiff. The separate Defendants admit that Defendant Lobbs acted under color of law.

7. The separate Defendants admit that Bruce Pennington is a resident of Saline County, Arkansas and is the Sheriff of Saline County. The separate Defendants admit that as the Sheriff of Saline County, Sheriff Pennington has the duties and obligations imposed upon him by the laws of the State of Arkansas. The separate Defendants admit that Sheriff Pennington has acted under color of law with respect to the Plaintiff's claims. The remaining allegations of paragraph 7 of the Complaint are the Plaintiff's legal contentions, not allegations of fact, and the separate Defendants therefore deny the remaining allegations of paragraph 7 of the Complaint.

8. The separate Defendants admit that Saline County is a political subdivision of the State of Arkansas and that the County acts pursuant to state law and that the individual Defendants acted under color of law with respect to the Plaintiff's claims. The remaining allegations of paragraph 8 of the Complaint are the Plaintiff's legal contentions, not allegations of fact, and the separate Defendants therefore deny the remaining allegations of paragraph 8 of the Complaint.

9. The separate Defendants admit that the Plaintiff was booked into the Saline County Detention Center on June 25, 2010, on charges of no driver's license, resisting arrest, and disorderly conduct.

10. The separate Defendants deny that the Plaintiff was brutally assaulted by Defendants Parker, Davis, and Lobbs. The separate Defendants deny that the Plaintiff was not physically resisting the defendant jailers and state that the Plaintiff was in fact resisting lawful orders and that the use of physical force was justified. The separate Defendants admit that separate Defendant Lobbs applied a taser to the Plaintiff but deny the remaining allegations of paragraph 10 of the Complaint.

11. The separate Defendants deny that the officers subsequently kicked and punched Henson and deny that any portion of the video was not retained. The separate Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12. The separate Defendants deny the allegations of paragraph 12 of the Complaint.

13. The separate Defendants deny the allegations of paragraph 13 of the Complaint.

14. The separate Defendants deny the allegations of paragraph 14 of the Complaint.

15. The separate Defendants deny the allegations of paragraph 15 of the Complaint.

16. The separate Defendants deny the allegations of paragraph 16 of the Complaint.

17. The separate Defendants deny the allegations of paragraph 17 of the Complaint.

18. The separate Defendants deny the allegations of paragraph 18 of the Complaint.

19. The separate Defendants deny the allegations of paragraph 19 of the Complaint.

20. The separate Defendants deny the allegations of paragraph 20 of the Complaint.

21. The separate Defendants acknowledge the Plaintiff's demand for jury trial and demand jury trial in their own right.

22. The separate Defendants deny the allegations of paragraph 22 of the Complaint.

23. The separate Defendants deny, generally and specifically, each and every material allegation of the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiff fails to state claims and facts upon which relief can be granted.

2. Bruce Pennington, in his individual capacity, is entitled to qualified immunity from damages.

3. Saline County, Sheriff Pennington, and all other Defendants, in their official capacities, are immune from punitive damages.

4. The separate Defendants, Tonya Parker, Amanda Davis, and Jacklyn Lobbs, in their official capacities are redundant defendants.

5. The Plaintiff's punitive damages claims are unconstitutional and should be dismissed for each of the following reasons:

    a. There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Defendants' due process rights under the United States Constitution, including the Fourteenth Amendment thereto.

    b. An award of punitive damages violates the Defendants' due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of a Defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

    c. An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates the

Defendants' due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

6. As a separate, alternative affirmative defense to the Complaint, the Defendants allege that the Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which the Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set forth herein, cannot be determined until the Defendants has an opportunity to complete discovery. Therefore, the Defendants incorporate all said affirmative defenses as if fully set forth herein.

WHEREFORE, premises considered, the separate Defendants, Saline County, Arkansas, Bruce Pennington, individually and in his official capacity, and Tonya Parker, Amanda Davis, and Jaclyn Lobbs, in their official capacities, pray that the Complaint of the Plaintiff, Robert Henson, be dismissed with prejudice, for their costs herein, and for all other appropriate relief.

**Fuqua Campbell, P.A.**
Attorneys at Law
425 West Capitol Ave., Suite 400
Little Rock, Arkansas 72201
(501) 374-0200
Attorneys for Defendants

By: David M. Fuqua
Ark. Bar No. 80048
E-mail – dfuqua@fc-lawyers.com

## CERTIFICATE OF SERVICE

I, David M. Fuqua, hereby certify that a copy of the foregoing pleading has been served by the Court's ECF system on:

Edward G. Adcock, Esq. (egalaw@aol.com)

Charles Daniel Hancock, Esq. (hancock@hlblawfirm.com)

on this 6th day of June, 2012.

David M. Fuqua