IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DISTRICT

ROBERT LEE HENSON                                                                              PLAINTIFF

VS.                                    NO. 4:12-CV-303 JMM

TONYA PARKER, individually, and in her
official capacity as a Jailer in and for the
Saline County Sheriff's Department;
AMANDA DAVIS, individually, and in
her Official capacity as a Jailer in and for
the Saline County Sheriff's Department;
JACLYN LOBBS, individually, and in her
official capacity as a Jailer in and for the
Saline County Sheriff's Department;
BRUCE PENNINGTON, individually,
and in his official capacity as Sheriff of
Saline County, Arkansas; and, SALINE
COUNTY, ARKANSAS                                                                           DEFENDANTS

**SEPARATE ANSWER OF TONYA PARKER, AMANDA DAVIS,
AND JACLYN LOBBS IN THEIR RESPECTIVE INDIVIDUAL CAPACITIES**

Come Defendants Tonya Parker, Amanda Davis, and Jaclyn Lobbs, and for their separate answer in their respective individual capacities, state:

I.

Introduction

These separate Defendants deny any and all parts of "Introduction" which may allege liability on their part.

II.

Jurisdiction and Venue

1. These separate Defendants admit that this Court has jurisdiction, but deny the remaining allegations of paragraph 1.

2. These separate Defendants admit that the Court has venue, but deny the remaining allegations of paragraph 2.

III.

Parties

3. These separate Defendants do not have sufficient information or data to either admit or deny the allegations of paragraph 3, so must necessarily deny those allegations.

4. Separate Defendant Tonya Parker admits that she was a resident of Saline County, Arkansas, at the time of the occurrence, but denies the remaining allegations of paragraph 4.

5. Separate Defendant Amanda Davis admits that she was a resident of Saline County, Arkansas, at the time of the occurrence, but denies the remaining allegations of paragraph 5.

6. Separate Defendant Jaclyn Lobbs admits that she was a resident of Saline County, Arkansas, at the time of the occurrence, but denies the remaining allegations of paragraph 6.

7. To the extent that paragraph 7 alleges individual liability as against these Defendants, that paragraph is denied.

8. To the extent that paragraph 8 alleges individual liability as against these Defendants, that paragraph is denied.

IV.

Facts

9. These separate Defendants deny the allegations of paragraph 9, and specifically state that Plaintiff was never booked into the detention center.

10. These separate Defendants deny the allegations of paragraph 10.

11. These separate Defendants deny the allegations of paragraph 11.

12. These separate Defendants deny the allegations of paragraph 12.

13. These separate Defendants deny the allegations of paragraph 13.

14. These separate Defendants deny the allegations of paragraph 14, including subparagraphs a) through c).

15. These separate Defendants deny the allegations of paragraph 15.

16. These separate Defendants deny the allegations of paragraph 16.

17. These separate Defendants deny the allegations of paragraph 17.

18. These separate Defendants deny the allegations of paragraph 18.

19. These separate Defendants deny the allegations of paragraph 19.

V.

Causes of Action

20. These separate Defendants deny the allegations of paragraph 20, including subparagraphs (a) through (c).

VI.

Demand for Jury Trial

21. These separate Defendants join Plaintiff in demanding a trial by jury for all issues so triable.

VII.

Prayer for Relief

22. These separate Defendants deny the allegations of paragraph 22, including subparagraphs a) through g).

VIII.

Affirmative Defenses

23. The Complaint does not state a claim upon which relief can be granted.

24. The Complaint does not contain sufficient facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

25. This action is barred as against these separate Defendants by the doctrine of qualified immunity.

26. Plaintiff's claim for punitive damages is unconstitutional and should be stricken unless and until Plaintiff proves facts supporting punitive damages beyond a reasonable doubt.

27. Plaintiff's claim for punitive damages should be stricken because such an award would violate the Due Process Clause of the Fourteenth Amendment.

28. These separate Defendants deny that Plaintiff is entitled to punitive damages, but should punitive damages be awarded, those damages cannot be awarded in excess of the approved ratio as

between compensatory and punitive damages as defined by the United States Supreme Court in its interpretation of the Due Process Clause as it relates to this issue.

29. This action is barred by Plaintiff's contributory fault.

30. This action is barred in whole or in part by the applicable statute of limitations.

31. These separate Defendants do not believe that Plaintiff sustained any damages whatsoever, but if he did, injuries and damages were the fault of other persons and not these separate Defendants.

WHEREFORE, Tonya Parker, Amanda Davis, and Jaclyn Lobbs, answering in their respective individual capacities, pray that the Complaint be dismissed; for costs, including attorney's fees; and for all other proper relief.

/s/ George D. Ellis
GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendants Tonya Parker, Amanda Davis, and Jaclyn Lobbs in their individual capacities
Ellis Law Firm, P.A.
126 North Main Street, P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 11th day of June, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

                                              /s/ George D. Ellis
                                              GEORGE D. ELLIS